UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RICKY CHARLES KELLOGG** | * | **DOCKET NO. 05-1067** |
| **VERSUS** | * | **JUDGE WALTER** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

### Background & Procedural History

Ricky C. Kellogg filed previous applications for Supplemental Security Income payments and/or Disability Insurance Benefits in 1978, 1996, 1999, and 2001. (Tr. 75-77, 412-415, 424). They were all denied.[1] On April 7, 2003, Kellogg filed his current applications for Disability Insurance Benefits and Supplemental Security Income payments. (Tr. 464-466, 551A-551C). He alleged disability since January 1, 2003, due to lower back and neck problems and asthma. (Tr. 464, 472). The claims were denied at the initial stage of the administrative process. (Tr. 446,

---

[1] Kellogg's 2001 application was denied on December 31, 2002, by an Administrative Law Judge ("ALJ"). (Tr. 35-37, 433-445). The denial was upheld by the Appeals Council, and not further appealed. (Tr. 31-33).

551D, 458-460). Thereafter, Kellogg requested, and received a June 14, 2004, hearing before an ALJ. (Tr. 553-568). However, in a July 26, 2004, written decision, the ALJ determined that Kellogg was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 15-25). Kellogg appealed the adverse decision to the Appeals Council. On May 6, 2005, the Appeals Council denied Kellogg's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 8-10).

On June 13, 2005, Kellogg sought review before this court. He generally challenges the ALJ's adverse findings at each step of the sequential evaluation process.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible

medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

    (1)    An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

    (2)      An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

    (3)      An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

    (4)      If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

    (5)      If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Kellogg suffered severe impairments of chronic obstructive pulmonary disease ("COPD") and chronic low back pain. (Tr. 20, 24). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id.*

4

Plaintiff challenges the ALJ's Step Thee determination that his impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Social Security Regulations No. 4. To establish that a claimant's injuries meet or medically equal a Listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders. Id.* at 620. In the case *sub judice*, plaintiff did not identify medical findings that support the criteria for any listed impairment. Accordingly, the ALJ's Step Three determination is supported by substantial evidence. *Selders, supra.*

The ALJ next determined that Kellogg retained the residual functional capacity to perform the exertional demands of sedentary work "reduced by an inability to work in exposure to environmental pollutants." (Tr. 22, 24).[2] Plaintiff generally challenges the ALJ's residual functional capacity assessment.

The court observes that Kellogg was examined on May 19, 2003, by Raymond Cush, M.D., at the request of Disability Determination Services. (Tr. 524-526). Dr. Cush noted that Kellogg could not flex his lower spine forward or laterally more than 15 degrees. *Id.* He further

---

[2] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

observed that chest x-rays suggested some element of obstructive lung disease, but that Kellogg had experienced some improvement with his cough and breathing with regular use of his prescribed inhaler. *Id*. Nonetheless, neither Cush, nor any other physician rendered an opinion regarding plaintiff's physical residual functional capacity *during the relevant period*.

In an effort to bolster the ALJ's assessment, the Commissioner cited the September 4, 2002, findings of consultative examiner, Charles P. Werner, M.D. (Tr. 402-403). Dr. Werner stated that Kellogg's spirometry test results were consistent with minor to severe obstructive respiratory disorder. *Id*. He further opined that minimal exertion exacerbated Kellog's condition, and that he should not lift more than ten pounds, nor walk for any significant distances at a time. *Id*. Dr. Werner also completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) that indicated that Kellogg could only stand or walk for *less than* two hours in an eight hour day. (Tr. 405-408). He did not state how much less than two hours Kellogg could stand or walk, or otherwise elaborate on this finding. Therefore, the medical records are unclear as to whether the claimant's ability to stand and walk was only slightly less or significantly less than two hours per day.

The ability to perform the full range of sedentary work requires that an individual be able to stand and walk for a total of at least two hours during an eight hour work day. SSR 96-9p. If the claimant's ability to stand and walk is only slightly less than two hours per work day, then the occupational base will not be significantly eroded. *Id*. However, any greater restriction upon the ability to stand and walk requires the ALJ to consult a vocational resource. *Id*. As no medical professional assessed the extent of any limitations imposed by plaintiff's severe impairments during the relevant period, it is unclear, based on the record now before the court, whether the

6

ALJ should have consulted a vocational resource.[3]

Plaintiff's limitations were independently assessed by the ALJ. However, in the absence of a valid medical assessment(s) or other corroborating evidence, the ALJ's residual functional capacity assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where: no medical assessment of claimant's RFC, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpublished)(in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).[4]

Because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the ALJ's ultimate conclusion that plaintiff was not disabled during the relevant time period is likewise not supported by substantial evidence. For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or

---

[3] Without further specificity or vocational expert testimony, Dr. Werner's report does not provide support for the ALJ's decision.

[4] The testimony at the hearing was inconsistent with the ALJ's RFC assessment. (Tr. 558-567).

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of April, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE